**IN THE UNITED DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

W. RICHARD DEIWERT, JR.,        )
                                 )
        Plaintiff,          )
                                 )  Case No. 1:18-cv-1933
vs.                               )
                                 )
CIGNA INSURANCE,          )
                                 )
        Defendant.      )

<u>**NOTICE OF REMOVAL**</u>

COMES NOW Defendant Cigna Health and Life Insurance Company ("Cigna"), improperly sued as CIGNA Insurance, by and through its undersigned attorneys, Hinshaw & Culbertson LLP, and pursuant to 28 U.S.C. §1441 and §1446 invokes this Court's jurisdiction under the provisions of 28 U.S.C. §1331 and §1332, and states the following grounds for removal:

1.     On June 1, 2018, Plaintiff filed a Complaint for Breach of Insurance Contract in the Superior Court for Bartholomew County, Case No. 03D02-1806-CT-003052 (the "State Court Case"). True and accurate copies of all documents filed in the State Court Case are attached hereto and incorporated herein by referenced as **Group Exhibit A**.

2.     Process was served upon CIGNA on June 4, 2018.

3.     Under 28 U.S.C. §1446(b)(1), a notice of removal may be filed within 30 days after receipt by the Defendant of the initial pleading. As such, this Notice of Removal is timely filed under 28 U.S.C. §1446(b).

4.     Pursuant to 28 U.S.C. §1446(a), the State Court Case, which was commenced in the Superior Court of Bartholomew County, Indiana may be removed to the United States

District Court for the Southern District of Indiana, which embraces Bartholomew County, Indiana within its jurisdiction.

5.      Attorneys for Plaintiff, Jerry J. Lux, of the law firm of Brown, DePrez & Johnson, 416 S. Harrison Street, Shelbyville, IN 46176, is hereby notified that the aforementioned case has been removed to the United States District Court, Southern District of Indiana.

6.      A Notice of Filing of Notice of Removal and a copy of this Notice of Removal are being filed in the Bartholomew Superior Court and copies of the same are being mailed to counsel for Plaintiff, pursuant to 28 U.S.C. § 1446.

7.      This Notice of Removal is being filed pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446 based upon federal question.

8.      The United States District Court for the Southern District of Indiana has jurisdiction over the Plaintiff's claims due to the fact that the allegations contained in his Complaint arise under the Constitution, laws or treaties of the United States.  28 U.S.C. §1331.

9.      In his Complaint, Plaintiff alleges that he was an employee of Federal Express Company and was a participant in its healthcare employee benefit plan allegedly funded through a group health insurance policy (the "Policy") issued by CIGNA and that he was denied coverage for certain medical services.

10.     The Policy is governed by the Employee Retirement Income Security Act of 1974 ("ERISA") thus the plaintiff's state law claims against CIGNA are completely preempted and are governed exclusively by ERISA.  Portions of the summary plan description for the Federal Express plan are attached hereto as **Exhibit B**.

11.     Removal is appropriate because Plaintiff's claims relate to health care benefits under an employment welfare benefit plan within the definition of the Employee Retirement

Income Security Act of 1974 ("ERISA") and seeks the same relief that is available under Section 502 of ERISA.

12.     When a federal statute completely preempts state-law causes of action, a claim within the scope of the preempted causes of action is converted into a claim arising under federal law for purposes of removal jurisdiction. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004). ERISA's civil enforcement provision, § 502(a), 29 U.S.C. § 1132(a), has "such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. … Hence, causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court." *Aetna Health*, 542 U.S. at 209 (internal quotation marks omitted).

13.     Causes of action within the scope of, or that relate to, the civil enforcement provisions of § 502(a) are removable to federal court despite the fact the claims are couched in terms of state law. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

14.     Because plaintiff's state-law claims relate to an ERISA plan and fall within the scope of § 502(a), they are completely preempted and subject to removal.

15.     Because Plaintiff's claims for benefits arise under an employment benefit plan governed by ERISA, the claim is preempted by ERISA and there exists a federal question arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331.  Jurisdiction over any state law claim of Plaintiff is proper pursuant to 28 U.S.C. § 1441. Therefore, this Court has subject matter jurisdiction over this matter pursuant to U.S.C. §§ 1331 and 1441, and removal to the United States District Court is proper.

302087995v1 1682

16.     Removal is effected without waiver of any defenses or challenges to personal jurisdiction and venue.

17.     Cigna is filing contemporaneously with this Notice of Removal its Notice to the Plaintiff informing plaintiff of removal.

WHEREFORE Defendant Cigna Health & Life Insurance Company, prays this action be removed in its entirety from the Superior Court for Bartholomew County to the United States District Court, Southern District of Indiana and for any other relief the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

 _/s/ Scott B. Cockrum
Scott B. Cockrum (20840-45)
322 Indianapolis Blvd., Suite 201
Schererville, IN  46375
219-864-5051
scockrum@hinshawlaw.com


Daniel K. Ryan
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL  60606
Ph: 312-704-3000
dryan@hinshawlaw.com

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices and via U.S. Mail, on this 22nd day of June, 2018.

Jerry J. Lux
Brown, DePrez & Johnson
416 S. Harrison St.
Shelbyville, IN  46176
jerrylux@shelbylaw.com
*Attorneys for Plaintiff*

/s/ Scott B. Cockrum

302087995v1 1682