UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

W. RICHARD DEIWERT, JR.,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　No. 1:18-cv-01933-JRS-DLP
　　　　　　　　　　　　　　　　)
CIGNA INSURANCE,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　)

**Entry on Defendant's Motion for Judgment on the Pleadings**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 24.) Former Federal Express Corporation ("FedEx") employee, W. Richard Deiwert, Jr. ("Deiwert"), brought a state-law, breach-of-contract claim against Defendant Cigna Health and Life Insurance Company ("Cigna"). (ECF No. 1-2 at 3–4.) Cigna removed the action to this court, contending that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Cigna moves for judgment on the pleadings, and Deiwert offers no response. For the following reasons, Cigna's Motion for Judgment on the Pleadings is **GRANTED**.

## I.　Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Silha v. ACT,*

*Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015); *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Under Rule 12(b)(6), a complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* In other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). Although courts may not typically consider evidence outside the pleadings on a Rule 12(c) motion, they may consider documents referenced in the complaint and central to the plaintiff's claim without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity . . . to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F. 3d 603, 608 (7th Cir. 2013). Nonetheless, leave

to amend need not be given if the amended pleading would be futile. *See id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II.    Background

Deiwert is a retired former FedEx employee who alleges that he received Cigna health insurance as part of certain retiree benefits "provided by FedEx." (ECF No. 1-2 at 3, ¶ 2.) Deiwert was a participant in the FedEx Corporation Retiree Group Health Plan ("RGHP" or the "Plan"), which also provided coverage for his wife. (Compl. ¶ 3, ECF No. 1-2 at 3.) The Plan's summary document, portions of which Cigna attached to its motion, defines (1) the Plan "Administrator" and the "Company" as FedEx, (2) the "Plan" as the FedEx Corporation Retiree Group Health Plan, and (3) the "Claims Paying Administrator" as Cigna. (ECF No. 25-1 at 7, 12.) In addition, the Plan gave Cigna "discretionary authority to determine eligibility for benefits and to construe the terms of the FedEx Corporation Retiree Group Health Plan." (ECF No. 12 at 3, ¶¶ 6—7.)

Deiwert alleges that between November 2014 and June 2017, FedEx "withheld monthly payments from [his] retirement benefits and [paid these] sums . . . to . . . Cigna." (ECF No. 1-2 at 3, ¶ 5.) Deiwert also alleges that although $24,560.00 in "[insurance coverage] premiums were deducted from [his] retirement benefits[,]" Cigna refused to pay for one of his wife's medical procedures. (ECF No. 1-2 at 3—4, ¶¶ 4—7.) Deiwert claims that Cigna's refusal to pay constitutes a breach of contract to provide medical coverage insurance and requests that the Court direct Cigna to

pay the outstanding medical claim submitted by his wife's medical provider, Southern Indiana Orthopedics. (ECF No. 1-2 at 4, ¶ 10.)

Cigna disputes that it is the proper defendant in this matter and argues that Deiwert "erroneously alleges he was provided retiree health insurance through Cigna," when Deiwert was actually a "participant in the FedEx . . . Retiree Group Health Plan . . ." (ECF No. 25 at 1—2.) Cigna further argues that because it is merely the "claims paying administrator of the [Plan]," Deiwert cannot assert benefit claims against Cigna, and instead must assert such claims against the Plan itself. (ECF No. 25 at 2; ECF No. 12 at 3, ¶ 6.) Cigna answered Deiwert's Complaint and asserted the affirmative defenses that Deiwert failed to join the Plan as an indispensable party under Federal Rule of Civil Procedure 12(b)(7) and that Deiwert fails to state a claim because he failed to exhaust his administrative remedies under ERISA before bringing the present suit. (ECF No. 12 at 3, ¶¶ 2, 9.) Deiwert failed to respond to Cigna's Rule 12(c) motion.

### III.  Discussion

Cigna requests that this Court dismiss it from the present action or dismiss Deiwert's complaint, arguing that (1) Deiwert's breach-of-contract claim is preempted by ERISA and (2) Cigna is not a proper defendant under ERISA.   Deiwert failed to respond to Cigna's Motion, so he has waived any argument in opposition to it.  While the Court could grant Cigna's Motion on this basis alone, it nonetheless considers the merits of Cigna's argument. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an

argument by failing to make it before the district court. We apply that rule . . . where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss") (citations omitted); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiffs] have done here—results in waiver").

Deiwert's claim fails because his state-law, breach-of-contract claim is preempted by ERISA. Claims by a beneficiary for wrongful denial of benefits, such as Deiwert's claim, "fall [ ] directly under § 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)], which provides an exclusive federal cause of action for resolution of such disputes." *See Vallone v. CAN Fin. Corp.*, 375 F. 3d 623, 638 (7th Cir. 2004) (quoting *Metro. Life Ins. Co. v. Taylor*, 480 U.S. 58, 62-62 (1987)); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 42 (1987). Indeed, "[a]ny state-law cause of action that duplicates, supplements, or supplants ERISA civil enforcement remedy conflicts with clear congressional intent to make ERISA remedy exclusive, and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

Thus, Deiwert's only recourse is to seek to recover benefits under ERISA's exclusive cause of action, 29 U.S.C. § 1132(a)(1)(B). But his claim fails as an action under ERISA on two counts. First, "in a suit for ERISA benefits, the plaintiff is limited to a suit against the Plan." *Mote v. Aetna Life Ins. Co.*, 502 F.3d 601, 610 (7th Cir. 2007) (internal quotation marks omitted) (quoting *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan*, 378 F. 3d 669, 674 (7th Cir. 2004)). Here, Cigna is not the Plan. The Seventh Circuit has recognized a narrow exception to this rule,

allowing plaintiffs to proceed against an employer where plan and employer are closely intertwined. *See Mein v. Carus Corp.*, 241 F.3d 581, 584–85 (7th Cir. 2001) (allowing plaintiff to sue employer to recover ERISA benefits because employer and the plan were closely intertwined); *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) (permitting plaintiff to sue employer to recover ERISA benefits because plan documents referred to employer and plan interchangeably). But Cigna is not Deiwert's employer, and there is no indication that Cigna and the Plan are closely intertwined. Deiwert therefore cannot maintain an ERISA suit against Cigna, and his claims against Cigna are **dismissed**.

Second, there is no indication that Deiwert has exhausted his administrative remedies under ERISA. Thus, even if Deiwert had timely amended his complaint to name the Plan as a defendant, his complaint would be subject to dismissal without prejudice to Deiwert exhausting his administrative remedies under ERISA, or showing that such exhaustion would be futile, before filing suit in this Court. *See Robyns v. Reliance Standard Life Ins. Co.*, 130 F. 3d 1231, 1235 (7th Cir. 1997) ("a district court may properly require the exhaustion of remedies before a plaintiff may file a claim alleging the violation of an ERISA statutory provision"); *Lindemann v. Mobil Oil Corp.*, 79 F. 3d 647, 650 (7th Cir. 1996) (In order to come under futility exception to exhaustion of administrative remedies requirement, plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that appeal will result in different decision).

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Judgment on the Pleadings (ECF No. 24) and Plaintiff's claims against Cigna are **dismissed with prejudice**.

**SO ORDERED**.

Date: 6/10/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Scott B. Cockrum
LEWIS, BRISBOIS, BISGAARD & SMITH LLP
Scott.Cockrum@lewisbrisbois.com

Joshua Hillis
FEDERAL EXPRESS CORPORATION
joshua.hillis@fedex.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Jerry J. Lux
BROWN, DEPREZ & JOHNSON
jerrylux@shelbylaw.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON LLP (Chicago)
dryan@hinshawlaw.com